UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUANDELL HICKMAN,

                Plaintiff,

-against-

ACC/ASPCA, et al.,

                Defendants.

24-CV-2825 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is incarcerated at Ulster Correctional Facility, filed this *pro se* action, under 42 U.S.C. § 1983, while he was detained in the Otis Bantum Correctional Center ("OBCC") on Rikers Island. He brings claims against the Animal Care Centers of NYC ("ACC"), the American Society for the Prevention of Cruelty to Animals, and their employees. By order dated May 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff names as defendants two branches of the ACC and ASPCA, an employee named Jaylen, and unidentified supervisors.[2] He claims that Defendants ruined his kennel business.

The following information is taken from the complaint. The alleged events giving rise to Plaintiff occurred in February 2024, at "503 Kennel time," Plaintiff's business in a building located at 40 W. 115th Street in Manhattan.[3] (ECF 1, at 4.) Plaintiff owns a dog kennel registered in New Jersey. The ASPCA knows about the kennel and gave Plaintiff a dog in November 2023, without him showing an ID. On an unidentified date, Plaintiff came to New York City on business and personal matters and got arrested. An unidentified dog breeder "drilled out [his] locks" at the business in the Manhattan building and stole his possessions, including money and puppies. (ECF 1, at 4.) Someone called the "ASPCA/cops" to get rid of the big dogs so they could steal the puppies. (*Id.*) Plaintiff called the ASPCA to get his dogs back but his request was denied. Instead, the dogs were spayed and neutered, "ruining [his] business and entire world." (*Id.*) Plaintiff asserts the following:

---

[2] Plaintiff groups the ACC and the ASPCA together as "ACC/ASPCA" and provides addresses in Manhattan and Brooklyn for the two branches.

[3] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

> My dog come from all over the world and cost thousands even to mate. I obtained these dogs through donations and supporters. We had multiple breeding set up and business deals all ruined when they know and I already proved my business is in N.J. they didn't care and was asking for information nobody would have but me and that I already provided this is why I didn't need it in Oct/November 2023 to get back [indecipherable].

(*Id*. at 4-5.)

Plaintiff asserts that as a result of losing his dogs he suffered "emotional mental anguish, stress pain & suffering[,] lost of wages[,] force shut down business. Robbery assault/surgery harm/ death to pets[,] employees & family (my dogs are my life!)." (*Id*. at 5.) He seeks five million dollars in damages, the return of his dogs, and that "all these people [be] fired and charged for these crimes and hateful acts." (*Id*.)

## DISCUSSION

**A.     Federal Claims**

Plaintiff brings this action under 42 U.S.C. § 1983, asserting that Defendants violated his rights. Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Plaintiff cannot, however, assert viable federal or constitutional claims against the ACC, ASPCA, or their employees. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn.*

3

*Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants the ACC, ASPCA, and their employees are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants under Section 1983. The Court therefore dismisses Plaintiff's Section 1983 claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    State Law Claims**

Although Plaintiff does not invoke state law, a *pro se* litigant's complaint generally must be liberally construed as including related state law claims. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017). Plaintiff has not, however, alleged facts suggesting that the Court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332 to consider any state law claims he may be asserting.[4]

Furthermore, a district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of

---

[4] To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Here, Plaintiff fails to demonstrate diversity of citizenship because from the facts alleged it appears that both he – a business owner in Manhattan and a prisoner in currently in the custody of the New York State Department of Corrections and Community Supervision – and Defendants – entities and individuals located in Manhattan and Brooklyn – reside in the State of New York. Plaintiff also does not allege facts suggesting that his claims exceed the sum or value of $75,000.00.

jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.     Criminal charges against Defendants**

Plaintiff cannot bring criminal charges against Defendants because the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman,* 454 U.S. 83, 87 (1981). Prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). The Court therefore denies Plaintiff's request that Defendants be charged for allegedly violating his rights.

**D.     Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   October 28, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge